UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>LUIS JIMENEZ CARRILLO, AMAR BAHADOORSINGH, JUSTIN ROGER WALL, and JAMIE SAMUEL WILSON,<br><br>                Defendants,<br><br>HAYDEE YOLANDA SANCHEZ DIAZ MONGE, MARTHA Y. JIMENEZ TRUST, and CHARLES A. CARRILLO TRUST,<br><br>                Relief Defendants, | CIVIL ACTION<br>NO. 21-11272-WGY |

YOUNG, D.J.                                    February 16, 2023

**ORDER**

On November 9, 2022, this Court entered a consent judgment ("Consent Judgment") against relief defendant Haydee Yolanda Sanchez Diaz Monge ("Sanchez Diaz") that was the product of a settlement between the parties. ECF No. 67. There, the Court left open the question as to whether it was appropriate to order Sanchez Diaz to pay disgorgement of ill-gotten gains as alleged by the Securities and Exchange Commission ("Commission") and prejudgment interest thereon -- and, if so, in what amount. Id. The Court also added that if ordered, prejudgment interest had to be calculated based on the rate of interest used by the

Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. §6621(a)(2). Id. Importantly, the parties also agreed, and the Court ordered that Sanchez Diaz was precluded from arguing that she did not receive an automobile purchased with funds resulting from the federal securities laws violations as alleged in the Complaint. Id.

The Commission now seeks the entry of final judgment against Sanchez Diaz that requires her to pay disgorgement of $134,500, plus prejudgment interest of $35,304, for a total of $169,804. This Court **GRANTS** the Commission's request in its entirety, provided that the amount of $169,804 be paid to a fund designated by the Commission whose purpose is to compensate the victims of the securities fraud perpetrated by the Defendants in this action -- Luis Jimenez Carrillo ("Carrillo"), Amar Bahadoorsingh, Justin Roger Wall, and Jamie Samuel Wilson -- and provided further that this order not constitute a final judgment as the disgorged funds are to be held in trust by the Commission for payment to victims of the fraud (and there is the theoretical possibility that an amount will remain to be repaid to Sanchez Diaz).

Contrary to what was argued by Sanchez Diaz, this Court is satisfied that the Commission has shown that Sanchez Diaz "received ill-gotten funds" -- a 2017 BMW X5 automobile (the "BMW") -- and did "not have a legitimate claim to those funds."

Securities and Exchange Commission v. Knox, No. 18-cv-12058-RGS, 2022 WL 1912877, *4 (D. Mass. June 3, 2022) (Stearns, J.) (quoting Securities and Exchange Commission v. Cavanagh, 155 F.3d 129,136 (2d Cir. 1998). In the Consent Judgment, Sanchez Diaz agreed not to contest that the BMW she received was purchased with funds resulting from the federal securities laws violations. ECF No. 67. Moreover, conspicuously absent in Sanchez Diaz defense is any persuasive argument that Sanchez Diaz "provided services or value in exchange for" the BMW. Knox, 2022 WL 1912877, *4; Securities and Exchange Commission v. Tropikgadget FZE, No. 15-cv-10543-ADB, 2017 WL 722573, *5 (D. Mass. Feb. 23, 2017) (Burroughs, J.) (awarding disgorgement against relief defendants who gave "no consideration in exchange for the funds, such as providing goods or services"); Federal Trade Commission v. Direct Mktg. Concepts, Inc., 569 F. Supp. 2d 285, 312 (D. Mass. 2008) (O'Toole, J.) (relief defendant may show a legitimate claim to funds if they provided "services as consideration for the identified monies"). Notwithstanding the references to "consideration" in the cases just cited, the actual question here is not whether there existed "consideration" in the contract law sense but whether Sanchez Diaz provided substantially equivalent value in the bankruptcy law sense. The precise question before this Court is thus wholly distinct from the enforceability of the 2016 "Convenio de

Provisión de Alimentos y Pensión" agreement as between Sanchez Diaz and Carrillo under the laws of California and Mexico. Nor does Sanchez Diaz's self-serving affidavit persuades this Court that she provided goods, services, or other substantially equivalent value in exchange for the BMW. Sanchez Diaz's other arguments in her brief and oral hearing are equally unpersuasive and are hereby rejected. Therefore, disgorgement is appropriate under the circumstances.

For these reasons, this Court **GRANTS** the Commission's request in its entirety as provided above and **ORDERS** that Sanchez Diaz pay the amount of $169,804 to a fund designated by the Commission whose purpose is to compensate the victims of the securities fraud perpetrated by the named Defendants.

**SO ORDERED.**

```
                              William G. Young
                              WILLIAM G. YOUNG
                                  JUDGE
                                  of the
                              UNITED STATES[1]
```

---

[1] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 44 years.